1  WO

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7                  FOR THE DISTRICT OF ARIZONA

8

9  Shirley Bishop,                          No. CV-16-00009-PHX-ESW

10            Plaintiff,                     **ORDER**

11  v.

12  Frank Reyes,

13            Defendant.

14  ────────────────────────────

15

16        Plaintiff has consented to the exercise of Magistrate Judge jurisdiction.  (Doc. 7).

17  Pending before the Court is Plaintiff's Application to Proceed in District Court without

18  Prepaying Fees or Costs (Doc. 2).  For good cause shown, the Application is granted, and

19  Plaintiff is allowed to proceed *in forma pauperis*.  The Court, however, must screen the

20  Complaint (Doc. 1) before it is allowed to be served.  28 U.S.C. § 1915(e)(2).  As the

21  Ninth Circuit Court of Appeals has explained, "section 1915(e) not only permits but

22  requires a district court to dismiss an *in forma pauperis* complaint that fails to state a

23  claim."  *Lopez v. Smith*, 203 F. 3d 1122, 1127 (9th Cir. 2000).

24  **I. Statutory Screening of *In Forma Pauperis* Complaint**

25        The Court must dismiss a complaint or portion thereof if a plaintiff has raised

26  claims that are legally frivolous or malicious, that fail to state a claim upon which relief

27  may be granted, or that seek monetary relief from a defendant who is immune from such

28  relief.  28 U.S.C. § 1915A(b)(1)–(2).  A pleading must contain a "short and plain

statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2) (emphasis added).   While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Id.*   "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.*   "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."   *Id.* at 679.   Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.   *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe pro se filings liberally."   *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).   A "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"   *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action.   *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

## II.  Complaint

### A.  Conditions of Confinement Claim

To prevail in a 42 U.S.C. § 1983 claim, a plaintiff must show that (1) acts by the defendant (2) under color of state law (3) deprived her of federal rights, privileges or immunities and (4) caused her damage.   *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game*

*Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that she suffered a specific injury as a result of the conduct of a particular defendant, and she must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode,* 423 U.S. 362, 371-72, 377 (1976).

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id.*

Plaintiff appears to be seeking relief for allegedly unconstitutional conditions of confinement.  A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment's Due Process Clause rather than from the Eighth Amendment's prohibition against cruel and unusual punishment.  *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).  Nevertheless, the same standards are applied, requiring proof that the defendant acted with "deliberate indifference."  *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

"Deliberate indifference" is a higher standard than negligence or lack of ordinary due care for the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  To state a claim of deliberate indifference, plaintiff must meet a two-part test.  First, the alleged constitutional deprivation must objectively be "sufficiently serious"; that is, the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities."  *Id*. at 834 (citations omitted).  Second, the prison official must have a "sufficiently culpable state of mind"; that is, "the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference."  *Id*. at 837 (emphasis added).  "The circumstances, nature, and duration of a deprivation of [] necessities must be considered in determining whether a constitutional violation has occurred."  *Hearns v. Terhune*, 413

F.3d 1036, 1042 (9th Cir. 2005) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)).

Allegations of overcrowding, without more, do not state a claim under the Eighth and Fourteenth Amendments.  *See Hoptowit v. Ray*, 682 F.2d 1237, 1248-49 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).  A plaintiff may, however, state a cognizable claim where she alleges that overcrowding results in some unconstitutional condition.  *See, e.g., Akao v. Shimoda*, 832 F.2d 119, 120 (9th Cir. 1987) (reversing district court's dismissal of claim that overcrowding caused increased stress, tension and communicable disease among inmate population); *see also Toussaint v. Yockey*, 722 F.2d 1490, 1492 (9th Cir. 1984) (affirming that an Eighth Amendment violation may occur as a result of overcrowded prison conditions causing increased violence, tension and psychiatric problems).

### B. Defendant Sheriff Frank Reyes

To state a valid claim under § 1983, plaintiff must allege that she suffered a specific injury as a result of specific conduct by a specific defendant and show an affirmative link between the injury and the conduct of that defendant.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).  There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal,* 556 U.S. at 676.

Plaintiff has failed to allege any facts regarding Defendant Reyes in her Complaint.  Plaintiff does not allege that Defendant Reyes directly violated Plaintiff's constitutional rights.  Moreover, Plaintiff does not allege facts that Defendant Reyes violated Plaintiff's constitutional rights pursuant to a policy, practice, or custom, or that

Case 2:16-cv-00009-ESW   Document 9   Filed 05/19/16   Page 5 of 6

Defendant Reyes participated in or directed any violations of Plaintiff's rights, or knew of any violations of Plaintiff's rights but failed to act to prevent them. Accordingly, Plaintiff fails to state a claim against Defendant Reyes, and all claims as to Defendant Reyes will be dismissed. Because the Court has determined that Plaintiff has not stated a claim against any named Defendant for which relief could be granted, the Complaint will be dismissed.

### III.  Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."

A first amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo*, 423 U.S. at 377. Plaintiff must repeat this process for each person she names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. Conclusory allegations that a

- 5 -

Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed.

### IV.  Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

### V.  Conclusion

For the reasons set forth herein,

**IT IS ORDERED** granting Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2).

**IT IS FURTHER ORDERED** dismissing Plaintiff's Complaint (Doc. 1) for failure to state a cause of action.

**IT IS FURTHER ORDERED** that Plaintiff shall file a First Amended Complaint within thirty (30) days of the filing of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.

Dated this 19th day of May, 2016.

_____
Eileen S. Willett
United States Magistrate Judge